**Hiep Huu TRAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72330.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

Hiep Huu Tran, San Jose, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

MEMORANDUM \*\*

Hiep Huu Tran, a native and citizen of Vietnam, petitions for review of the Board of Immigration Appeals' denial of his motion to reopen or reconsider its dismissal of his appeal of an immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252.

The Board did not abuse its discretion in denying Tran's motion to reconsider its earlier decision because Tran failed to demonstrate that the Board committed any errors of law or fact. *See* 8 C.F.R. § 1003.2(b).

The Board likewise did not abuse its discretion in denying Tran's motion to reopen proceedings because he failed to demonstrate that the new evidence he submitted was previously unavailable, or that such evidence established prima facie eligibility for relief. *See* 8 C.F.R. §§ 1003.2(a) and (c); *Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005).

We lack jurisdiction to review the Board's underlying decision dismissing Tran's direct appeal of the IJ's decision because Tran failed to file a timely petition for review of that decision. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

